IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

SILAS MARTIN. #145 609           *

    Plaintiff,                            *

    v.                                         *     3:08-CV-444-WKW
                                                     (WO)
LAURYN A. LAUDERDALE, *et al.*,  *

    Defendants.                        *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate proceeding *pro se,* files this 42 U.S.C. § 1983 action challenging the constitutionality of his arrest and matters associated with the criminal court proceedings which led to his conviction. Plaintiff seeks "removal" of his false incarceration and damages. Named as defendants are Lauryn Lauderdale, Patrick McCullough, and Alice Reid. Upon review of the complaint, the court concludes that dismissal of one of the defendants and one of Plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## I. DISCUSSION

*A. Lauryn Lauderdale*

It appears from a review of the complaint that Defendant Lauderdale represented Plaintiff during his criminal trial proceedings. Plaintiff complains that Defendant Lauderdale

told him that she subpoenaed his witnesses but he subsequently determined that this was not true and that his witnesses had never actually been contacted.

The actions about which Plaintiff complains with respect to Defendant Lauderdale were taken in her capacity as a private attorney. Accordingly, Plaintiff's claims against his defendant provide no basis for relief in the instant cause of action. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of was committed by a person acting under color of state law. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983." *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ; *Parratt v. Taylor*, 451 U.S. 527 (1981). Accordingly, Plaintiff's claims against Defendant Lauderdale are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

*B. The Habeas Claim*

Plaintiff complains that he is incarcerated on a conviction imposed on him in violation of his constitutional rights. Plaintiff's claims go to the fundamental legality of his current conviction and, therefore, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing such claims must therefore be

dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Here, Plaintiff seeks to challenge to the constitutionality of the conviction on which he is currently incarcerated. A judgment in favor of Plaintiff in this cause of action would

3

necessarily imply the invalidity of this conviction. It is clear from the complaint that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on this conviction is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Lauderdale be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's challenge to the validity of his current conviction be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 16, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of July, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE