IN THE UNITED STATES  DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

SILAS MARTIN                                      *

     Plaintiff,                                 *

         v.                                      *        3:08-CV-444-WKW
                                                                    (WO)
PATRICK McCULLOUGH, *et al.*,              *

     Defendants.                           *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Silas Martin filed this *pro se* 42 U.S.C. § 1983 action on June 9, 2008 against Patrick McCullough ["McCullough"], a sergeant with the Auburn Police Department, and Alice Reid ["Reid"], a member of the Multidisciplinary Child Protection Team who works as a forensic interviewer with the Child Advocacy Center of East Alabama, Inc.  Plaintiff alleges that McCullough fabricated an arrest warrant which led to his false arrest, and that Reid fabricated documents which cause him to be falsely convicted. Plaintiff requests that the "false incarceration" be removed and that he be awarded $1 million in damages from each defendant.[1]

In accordance with the orders of the court, Defendants filed answers,  special reports, and supporting evidentiary material in response to the allegations contained in the complaint.

---

[1] Previously, the court dismissed Plaintiff's claims against Defendant Lauryn Lauderdale, the attorney who represented Plaintiff during his criminal court proceedings. (*See Doc. Nos. 9, 18.*)

The court informed Plaintiff that Defendants' special reports  may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment.  Plaintiff took advantage of the opportunity granted to file responses to the  special reports filed by Defendants.  This case is now pending on Defendants' motions for summary judgment.  Upon consideration of such motions, the evidentiary materials filed in support thereof, and Plaintiff's opposition to the motions, the court concludes that Defendants' motions for summary judgment are due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' "  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden. Thus, the burden shifts to Plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to each of his claims for relief exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578 (2006) (citation omitted). Consequently, to survive the properly supported motion for summary judgment filed in this case, Plaintiff is required to produce "sufficient evidence" which would be admissible at trial supporting his claims of various constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment..."). Hence, when a plaintiff fails to set forth specific facts

4

supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts... Where the record taken as a whole could not lead a rational trier

5

of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact.  *Beard*, 548 U.S. at 529, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Plaintiff has failed to demonstrate requisite genuine issues of material fact in order to preclude summary judgment.  *Matsushita*, 475 U.S. 574.

6

## II. DISCUSSION

*A. Sergeant McCullough*

Plaintiff's allegation against Sgt. McCullough is brief.  He alleges that "[o]n August 7, 2007, Patrick McCullough, fabricated an arrest warrant that led to the Plaintiff being falsely arrested." (*Doc. No. 1 at pg. 3*.)  Sgt. McCullough denies Plaintiff's allegation and argues that probable cause for Plaintiff's arrest existed.  Sgt. McCullough further asserts the defense of qualified immunity.  (*Doc. No. 25*.)

Sgt. McCullough has submitted various documents in support of his dispositive motion including his affidavit, a copy of the  probable cause affidavit for Plaintiff's arrest, a copy of the executed warrant for Plaintiff's arrest, and a copy of the state court records relating to the offense for which Plaintiff was arrested in 2007. This evidentiary material reflects that the Auburn Police Department received an anonymous tip on July 27, 2007 of  a possible sexual molestation of a child by Plaintiff. The caller stated that Plaintiff (42 years of age at the time of the incident) was sexually molesting his (Plaintiff's) fifteen-year old niece.  After Sgt. McCullough received this information, an interview was scheduled between the victim and Ms. Reid of the Child Advocacy Center for August 1, 2007. Sgt. McCullough, who was present during the interview, states that the victim seemed upset and was evasive about answering questions concerning Plaintiff, and indicated that Plaintiff talked crazy to her while he had been staying at her house although he was not supposed to be staying there, and that she hated Plaintiff. (*Doc. No. 25, McCullough Affidavit*.)

Sgt. McCullough made contact with the victim's brother on August 1, 2007. The brother provided Sgt. McCullough with voice mail messages from his phone. Sgt. McCullough identified the victim's voice and the victim's brother identified the male voice as Plaintiff's. Sgt. McCullough made a digital recording of the messages, which were sexual in nature. Sgt. McCullough then contacted the victim's mother, played the voicemail messages for her, and expressed his concern that something had happened to the victim that she was afraid to reveal. (*Doc. No. 25, McCullough Affidavit; see also Doc. No. 20, Exh. A.*)

A second interview between Ms. Reid and the victim was conducted on August 7, 2007. At that time, the victim indicated that Plaintiff had hurt her but told her not to tell anyone and her mother had also told her not to tell anyone. The victim would not say what had happened between her and Plaintiff but, with the use of anatomical drawings, she identified the male penis and female vagina. The victim stated Plaintiff was behind her and put his 'p' in her 'butt.' Following the interview, Sgt. McCullough informed his superior of the information obtained from the victim. Sgt. McCullough secured an arrest warrant, signed by the victim's mother, for Plaintiff on a charge of sodomy in the second degree in violation of Ala. Code § 13A-6-64.[3] Plaintiff was arrested later in the day and transported to the

---

[3]Ala. Code § 13A-6-64 provides:

(a) A person commits the crime of sodomy in the second degree if:

(1) He, being 16 years old or older, engages in deviate sexual intercourse with another person less than 16 and more than 12 years old.

(2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being mentally defective.

Auburn Police Department for an interview.  After being read his *Miranda* rights, Plaintiff refused to answer questions.  (*Doc. No. 25, McCullough Affidavit, Charging Affidavit, Arrest Warrant; see also Doc. No. 20, Exh. A*.)

A grand jury indicted Plaintiff on the charge of second degree sodomy.  Following a jury trial in the Circuit Court for Lee County, Alabama, Plaintiff was convicted of the charged offense. On December 11, 2007 the trial court sentenced Plaintiff, as an habitual offender, to twenty-five years' imprisonment.  (*Doc. No. 25, Attachment 4 at pgs. 1-5*.)

Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536, U.S. 730, 739 (2002) and *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Qualified immunity is not merely a defense against liability but rather immunity from suit. *Pearson v. Callahan*, 555 U.S. ___, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (citation omitted) To receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002). "Once the defendant establishes that he was acting within his discretionary

---

(b) Sodomy in the second degree is a Class B felony.

authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Id*.  In order to satisfy this burden, Plaintiff must show: (1) that Defendants committed a constitutional violation and (2) that the constitutional right Defendants violated was "clearly established." *Crosby v. Monroe County*, 394 F.3d 1328,  1332 (11th Cir. 2004). Courts now have discretion to determine the order in which  the two prongs of the plaintiff's burden of proof are analyzed. *Pearson*, 555 U.S. __, 129 S.Ct. at 818-19, 172 L.Ed.2d 565 (Courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case hand.").  Here, it is clear and undisputed that Sgt. McCullough was acting within the course and scope of his discretionary authority when he arrested Plaintiff.

An arrest made with probable cause is an absolute bar to a § 1983 false arrest claim. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996).  "While an officer who arrests an individual without probable cause violates the Fourth Amendment, this does not inevitably remove the shield of qualified immunity." *Skop v. City of Atlanta*, 485 F.3d 1130,  1137 (11th Cir. 2007).  Even if the officer did not, in fact, have probable cause, the standard of arguable probable cause is applied, *i.e.*, whether " 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendant *could have believed* that probable cause existed to arrest.' "  *Id*. (citation and brackets omitted) (emphasis in original).  As noted, Plaintiff bears the burden of proving qualified immunity does not apply. He, therefore, must

10

prove *both* that actual probable cause did not exist, and that arguable probable cause did not exist. *Evans v. Hightower,* 117 F.3d 1318, 1320 (11th Cir. 1997); *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115-17 (11th Cir.1993); *Shortz v. City of Montgomery,* 267 F. Supp.2d 1124, 1127 (M.D. Ala.2003) (Thompson, J.).

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001). The Constitution, however, does not guarantee that only the guilty will be arrested, *Baker v. McCollan,* 443 U.S. l37 (l979), and, as explained, the existence of probable cause constitutes a complete defense to a false arrest claim. *Ortega*, 85 F.3d at 1525; *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990); *Von Stein v. Brescher,* 904 F.2d 572, 584 n. 19 (11th Cir. 1990). Probable cause to arrest exists where the facts and circumstances within an arresting officer's knowledge, and of which he had reasonably trustworthy information, are sufficient for a man of reasonable caution to believe that an offense has been or is being committed. *Hunter v. Bryant,* 502 U .S. 224, 228 (1991); *Ortega,* 85 F.3d at 1525*; Draper v. United States,* 358 U.S. 307, 313 (1959); *United States v. Herzbrun,* 723 F.2d 773, 775 (11th Cir. 1984); *United States v. Kye Soo Lee,* 962 F.2d 430, 435 (5th Cir. 1992). A warrantless arrest made on the basis of probable cause is legal where the probable cause standard is met. *Marx*, 905 F.2d at 1505. "Probable cause does not require overwhelmingly convincing evidence, but only 'reasonably trustworthy information.' " *Ortega*, 85 F.3d at 1525 (quoting *Marx*, 905 F.2d at

1506).  In evaluating trustworthiness, police officers are "generally entitled to rely on the veracity of information supplied by the victim of a crime." *Peterson v. City of Plymouth*, 60 F.3d 469, 474-75 (8th Cir. 1995).

In his opposition to Sgt. McCullough's dispositive motion, Plaintiff argues that the officer arrested him without a warrant and failed to tell him the basis for his arrest. He also argues that Sgt. McCullough could not rely on the victim's statements that he sodomized her because he wore a catheter on his penis from July 2006 until June 2007 and was self-catheterized from June 2007 until his arrest in August 2007.  Plaintiff further contends that he did not know the victim's brother and they met for the first time at trial.  Finally, Plaintiff essentially argues throughout his opposition that Sgt. McCullough fabricated the information made the basis for his arrest.  (*Doc. No. 29*.)

While "the Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest in order to detain a citizen if such false statements were necessary to probable the cause," *Jones v. Cannon*, 174 F.3d 1271, 1285 (11th Cir. 1999), Plaintiff has presented no admissible evidence that Sgt. McCullough deliberately or recklessly misstated evidence or omitted any material fact which would negate a finding of probable cause.  Additionally, as explained, a warrantless arrest where probable cause exists is legal, and the validity of an arrest does not turn on whether the offense for which there was probable cause was announced to the individual at the time of his arrest, nor does it depend on whether the offense was cited in the officer's arrest report.

*See Lee v. Ferraro,* 284 F.3d 1188, 1195-96 (11ᵗʰ Cir. 2002). To the extent Plaintiff argues that the victim "created" probable cause, this conclusory allegation is without merit as a police officer's evaluation of probable cause stems from an independent evaluation of all available information, including the sources of that information. *See Peterson*, 60 F.3d at 474-75.

Viewing the evidence and all factual inferences in the light most favorable to Plaintiff, probable cause existed for his arrest. Sgt. McCullough, in his capacity as a sergeant with the detective division of the Auburn Police Department, received information regarding the sexual molestation of a child. Interviews between the victim and a representative from the Child Advocacy Center were set up and Sgt. McCullough was present during those sessions. Sgt. McCullough also talked to the victim's brother who provided the officer with voice mails from his cell phone of recorded messages between the victim and Plaintiff which were sexual in nature. During a second interview between the victim and representative from the Child Advocacy Center, Sgt. McCullough listened to the victim describe the sexual abuse to which Plaintiff subjected her. After Sgt. McCullough notified his superior of the information obtained from the victim and her relatives, he secured a warrant for Plaintiff's arrest. [4] (*Doc.*

---

[4]Plaintiff's claim that McCullough failed to advise him of his *Miranda* rights following his arrest does not give rise to civil liability under 42 U.S.C. § 1983. *See Jones v. Cannon,* 174 F.3d 1271, 1290-91 (11ᵗʰ Cir. 1999) ("failing to follow *Miranda"* does not create "a cause of action for money damages under § 1983"); *Giuffre v. Bissell,* 31 F.3d 1241, 1256 (3ʳᵈ Cir. 1994) ("[V]iolations of prophylactic *Miranda* procedures do not amount to violations of the Constitution itself"); *Warren v. City of Lincoln,* 864 F.2d 1436, 1442 (8ᵗʰ Cir. 1989) (remedy "for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action").

*No. 25, McCullough Affidavit.*)

The evidence before Sgt. McCullough, " 'of which [he] had reasonably trustworthy information [was] sufficient in [itself] to warrant a man of reasonable caution in the belief that' an offense ha[d] been ... committed." *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949) (citing *Carroll v. United States*, 267 U.S. 132, 162 (1925). *See also Marx,* 905 F.2d at 1507 n.6 (officers may disregard a suspect's different version of events where other evidence supports probable cause of his guilt). Even if the court assumes, *arguendo,* that Sgt. McCullough erred in concluding that probable cause existed to arrest Plaintiff, McCullough nevertheless would be entitled to qualified immunity because he had arguable probable cause to believe that Plaintiff committed the violation charged, and his decision was, therefore, reasonable, even if mistaken. *See Lee* 284 F.3d at 1195 (quoting *Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998) (internal citations omitted)) (arguable probable cause exists "where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[] could have believed that probable cause existed to arrest."); *Scarbrough v. Myles*, 245 F.3d 1299, 1302-03 (11th Cir. 2001) (*per curiam*) ("[a]rguable probable cause doe not require an arresting officer to prove every element of a crime or to obtain a confession before making an arrest, which would negate the concept of probable cause and transform arresting officers into prosecutors."); *Ortega,* 85 F.3d at 1525 (internal quotation and citation omitted) ("[p]robable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information."). Because Sgt.

McCullough had at least arguable probable cause to arrest Plaintiff for sodomy in the second degree, Plaintiff did not suffer a Fourth Amendment violation.  Sgt. McCullough is, thus, shielded from suit by the doctrine of qualified immunity and summary judgment is due to be entered in his favor with respect to Plaintiff's claims against him.[5]

 *B. Ms. Reid*.

 Plaintiff alleges that Ms. Reid fabricated documents which led to his conviction for sodomy in the second degree.  Plaintiff's claim that Ms. Reid fabricated documents in order to obtain his conviction essentially challenges the fundamental legality of that conviction.  The claim, therefore,  provides no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

 In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms

---

 [5]The existence of probable cause also defeats any claims  Plaintiff may have for false imprisonment and malicious prosecution. *See Ortega*, 85 F.3d at 1526 (absence of probable cause is a required element of § 1983 false imprisonment claim); *Wood v. Kesler*, 323 F.3d 872, 881 (11th  Cir. 2003) (probable cause bars § 1983 malicious prosecution claim).

of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  *Id*. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*.  Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649.

Here, Plaintiff's claim against Ms. Reid represents a challenge to the constitutionality of the second degree sodomy conviction entered against him by the Circuit Court for Lee County, Alabama.  A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of this conviction.  It is clear from the pleadings and documents before

16

the court that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on Plaintiff's second degree sodomy conviction is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.   Defendant Reid is, therefore, entitled to summary judgment and Plaintiff's claim against her is due to be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam) (dismissing, under *Heck*, *Bivens* claim that defendants conspired to ensure civil action plaintiff's conviction by fabricating testimony and other evidence in criminal trial); *St. Germain v. Isenhower*, 98 F. Supp.2d 1366, 1372 (S.D. Fla. 2000) (civil action plaintiff's claim that defendants arranged for preparation of transcripts that were false is the type of claim that *Heck* bars if the underlying conviction has not been set aside); *see also Tedford v. Hepting*, 990 F.2d 745, 749 (3rd Cir. 1993) (where § 1983 plaintiff sought a declaration that his constitutional rights on appeal were violated as a result of falsification of transcripts, court held plaintiff's civil rights suit was "a direct challenge to the validity of his conviction and the legality of plaintiff's confinement"); *Scruggs v. Moellering*, 870 F.2d 376, 378 (7th Cir. 1989) (upholding dismissal of § 1983 claim for injunction requiring judge and court reporter to provide accurate trial transcripts on ground suit was an improper use of § 1983 where plaintiff sought injunction solely to facilitate attack on his conviction); *Wilcox v. Miller*, 691 F.2d 739, 741 (5th Cir. 1982) (claim that trial transcript was altered to

assure affirmance of defendant's conviction on appeal "would seem to challenge the validity of his conviction").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motions for summary judgment  (*Doc. Nos. 20, 25*) be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3. This case be DISMISSED with prejudice; and

4. Costs be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before  **December 27, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done, this 10th day of December, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE