IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SILAS MARTIN, AIS # 145609,  )  | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | CASE NO. 3:08-CV-444-WKW [WO] |
|  ) | |
| PATRICK McCULLOUGH, *et al.*, ) | |
|  ) | |
| Defendants. ) | |

## ORDER

Before the court is the Magistrate Judge's Recommendation (Doc. # 34) to grant Defendants' summary judgment motion. Plaintiff Silas Martin filed an objection. (Doc. # 35.) This court conducts a *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b)(1). For summary judgment purposes, the facts are construed in the light most favorable to Mr. Martin. *See Swisher Int'l, Inc. v. Schafer*, 550 F.3d 1046, 1050 (11th Cir. 2008). For the reasons to follow, the objection is due to be overruled and the Recommendation adopted.

Mr. Martin filed this *pro se* action pursuant to 42 U.S.C. § 1983, against a sergeant with the Auburn Police Department and an employee of the Child Advocacy Center of East Alabama. He alleges that the sergeant fabricated probable cause for his arrest, thus supporting a claim of false arrest under the Fourth Amendment. He brings a similar claim against the child advocacy worker, asserting that she fabricated documents that ultimately led to his conviction. Mr. Martin seeks "removal" of his "false incarceration" and monetary damages. (Compl. 7 (Doc. # 1).)

The Magistrate Judge examined Mr. Martin's claims against both the sergeant and the child advocacy worker. Viewing the evidence in the light most favorable to Mr. Martin, the Magistrate Judge determined that the sergeant had probable cause to arrest Mr. Martin. (Recommendation 10.) Based upon that determination, Mr. Martin's claim failed because "[a]n arrest made with probable cause is an absolute bar to a § 1983 false arrest claim." (Recommendation 13.) Alternatively, the Magistrate Judge found that the sergeant is immune from suit under the doctrine of qualified immunity because he "had arguable probable cause to believe that [Mr. Martin] committed the violation charged." (Recommendation 14); *see also Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir. 1999) ("An arrest without probable cause is unconstitutional, but officers who make such an arrest are entitled to qualified immunity if there was arguable probable cause for the arrest."). The Magistrate Judge, thus, recommended that this court grant summary judgment in favor of the sergeant.

In his objection, Mr. Martin reasserts his accusations that the probable cause underlying his arrest was the product of the sergeant's serial lies and reliance on false information. The accusations substantially mirror those previously asserted by Mr. Martin (Resp. to Summ. J. (Doc. # 29)), and their rejection was adequately explained in the Magistrate Judge's Recommendation, without need for further elaboration here. Additionally, based upon a *de novo* review and consideration of the totality of Mr. Martin's objections, the evidence does not create a genuine issue of material fact that there was no probable cause or arguable probable cause to arrest Mr. Martin.

The Magistrate Judge also concluded that Mr. Martin's claim against the child advocacy worker "represents a challenge to the constitutionality" of his conviction and, therefore, is not cognizable based upon the holdings of *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997).  Mr. Martin does not directly refute this conclusion, but instead moves the court to "'uphold dismissal' of this § 1983 claim for injunction requiring [Defendants] to provide [him] with accurate 'phone records' and until there is an invalidity of [his] conviction."  (Pl. Obj. 8.)  Mr. Martin fails to demonstrate, however, that he has a constitutional or other right to seek discovery on claims that either lack merit or are not cognizable in this § 1983 action.[1]

Accordingly, it is ORDERED as follows:

1. Mr. Martin's objection (Doc. # 35) is OVERRULED;

2. The Recommendation (Doc. # 34) is ADOPTED;

3. Defendants' motions for summary judgment (Docs. # 20, 25) are GRANTED;

4. This case is DISMISSED with prejudice; and

5. Costs are TAXED against Plaintiff, for which let execution issue.

An appropriate judgment will be entered.

DONE this 11th day of March, 2011.

                                                  /s/ W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE

---

[1] Mr. Martin duplicated his request for discovery in a separate motion, which was denied by the Magistrate Judge.  (Docs. # 37, 38.)  The Magistrate Judge's Order is neither clearly erroneous nor contrary to law.  *See* Fed. R. Civ. P. 72(a).